UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2020

PRIMYAH GODIAL MIAA PAYNES EL BEY,

                    Plaintiff,

-against-

CROCILLO; MTA; and MTA 34 PRECINCT,

                    Defendants.

20-cv-524 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that on January 8, 2020, Defendant Metropolitan Transportation Authority (MTA) Officer Crocillo assaulted her at Pennsylvania Station in New York City. By order dated November 2, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

    As explained below, the Court (1) dismisses from the action Defendants MTA and MTA 34th Precinct, (2) adds as a defendant the City of New York, (3) treats the complaint and the amended complaint as the operative pleading, and (4) directs the Clerk of Court to effect service on the City of New York and Officer Crocillo.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the " strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the " special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.     City Agencies**

Plaintiff's claims against Defendants MTA and MTA 34th Precinct must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.     City of New York**

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and respectfully directs the Clerk of Court to amend the caption of this action to replace the MTA and the MTA 34th Precinct with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### C. Operative Pleading

Plaintiff has submitted a complaint (ECF No. 2) and an amended complaint (ECF No. 12), raising the same claims in each submission. The amended complaint, however, does not include all of the facts contained in the original complaint. The Court therefore treats both submissions as the operative pleading.

### D. Order of Service

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of New York and Officer Crocillo through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully requested to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the MTA and the MTA 34th Precinct. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully requested to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is also respectfully requested to issue summonses, complete the USM-285 forms with the addresses for the City of New York and Officer Crocillo, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 16, 2020
        New York, New York

                                          */s/ Mary Kay Vyskocil*
                                          MARY KAY VYSKOCIL
                                          United States District Court

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Officer Crocillo
   MTA Police Officer, Badge 2477
   MTA Police District 4
   1 Pennsylvania Plaza
   New York, NY 10001