

JAMES E. JOHNSON
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ANDREW B. SPEARS
*Assistant Corporation Counsel*
phone: (212) 356-3159
fax: (212) 356-1148
aspears@law.nyc.gov

December 1, 2020

**VIA ECF**
Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   <u>Primyah Godial Miaa Paynes El Bey v. Crocillo, et al.</u>,
            20 Civ. 524 (MKV) (GWG)

Your Honor:

      I am the attorney assigned to represent named defendant the City of New York (the "City") in the above-referenced matter. The City writes pursuant to Rule 60 of the Federal Rules of Civil Procedure, and other applicable Federal and Local Civil Rules, to respectfully request reconsideration of the Court's November 16, 2020 Order of Service (ECF No. 16). This motion is made on the grounds that the Court has erroneously substituted the City of New York as a defendant in this action, in place of previously named defendants, the Metropolitan Transportation Authority ("MTA") and MTA 34th Precinct.

    **A.**  <u>Background</u>

      Plaintiff filed a Complaint on January 17, 2020 (ECF No. 2) and an Amended Complaint on August 11, 2020. (ECF No. 12). Plaintiff's complaints, which the Court has construed as collectively one operative pleading, allege that on January 8, 2020, plaintiff was, *inter alia*, subjected to excessive force inside Penn Station by defendant MTA Officer Crocillo, Shield No. 2477. The complaints also named the MTA and MTA 34th Precinct as defendants. On November 16, 2020, the Court ordered that "Plaintiff's claims against Defendants MTA and MTA 34th Precinct must be dismissed because an agency of the City of New York is not an entity that can be sued," and further directed the Clerk of Court to "amend the caption of this action to replace the MTA and the MTA 34th Precinct with the City of New York." (ECF No. 16). On November 17, 2020, summons were issued as to the City of New York and defendant Crocillo. (<u>See</u> ECF No. 17).

### B. The City of New York Should Not Have Been Substituted as a Defendant in this Action.

The City of New York is not properly substituted as a defendant in this action in place of the MTA, because the MTA and the City of New York are separate and distinct municipal entities for § 1983 purposes. See Lloyd v. City of New York, No. 12 Civ. 4303 (BMC), 2012 U.S. Dist. LEXIS 127021, at *1 n.1 (E.D.N.Y. Sept. 6, 2012) (collecting cases); see also Altro v. Consolidated Rail Corp., 130 A.D.2d 612, 515 N.Y.S.2d 540 (2d Dep't 1987) ("The MTA is a public benefit corporation created to continue and improve railroad commuter transportation throughout a commuter transportation district including Westchester County and the City of New York." (citations omitted)).

In this action, plaintiff asserts claims only against the MTA, and MTA Officer Crocillo. There is nothing in the complaints suggesting that the City or any City agency or employee are intended defendants. The Amended Complaint includes correspondence between the plaintiff and MTA Police Department ("MTA PD"), confirming that the individual defendant is an officer with MTA PD, and thus not an officer with the New York City Police Department ("NYPD"), or any other City agency. (See Am. Compl., ECF No. 12, at p. 3). Plaintiff does not allege any facts suggesting that any employee or agency of the City of New York was responsible for, or involved in, defendant Crocillo's alleged unconstitutional conduct, or otherwise responsible for his training or employment. See Breitkopf v. Gentile, 41 F. Supp. 3d 220, 259-61 (E.D.N.Y. 2014); cf. New York Magazine v. Metropolitan Transp. Auth., 136 F.3d 123, 126-27 (2d Cir. 1998) (holding that a plaintiff lacked standing to sue the City of New York for harms allegedly caused by the MTA). Thus, no claims may lie against the City for harms allegedly caused by the MTA and its employees. See Price v. City of New York, et al., No. 15 Civ. 5871 (KPF), 2018 U.S. Dist. LEXIS 105815, at *60 (S.D.N.Y. June 25, 2018). Accordingly, the City respectfully submits that it was an error to substitute the City as a defendant in this matter in place of the MTA.

Based on the foregoing, the City respectfully requests the Court reconsider its Order (ECF No. 16) and dismiss the City of New York as a defendant in this action.

The City of New York thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Andrew B. Spears*   /s

Andrew B. Spears
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   **VIA U.S. MAIL and EMAIL**
Primyah Godial Miaa Paynes El Bey
Plaintiff *pro se*
40 Ann Street, #2BA
New York, NY 10038
premday.inc@yahoo.com