

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**ANDREW B. SPEARS**
*Assistant Corporation Counsel*
phone: (212) 356-3159
fax: (212) 356-1148
aspears@law.nyc.gov

September 22, 2021

**VIA ECF**
Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: <u>Primyah Godial Miaa Paynes El Bey v. Crocillo, et al.</u>,
      20 Civ. 524 (MKV)

Your Honor:

  I am the attorney assigned to represent defendant the City of New York (the "City") in the above-referenced matter. The City writes to respectfully seek leave of the Court to file its anticipated motion to dismiss the Second Amended Complaint ("SAC"), and respectfully request that the Court endorse the below proposed briefing schedule on its anticipated motion.

  Plaintiff filed a Complaint on January 17, 2020 (ECF No. 2) and an Amended Complaint on August 11, 2020. (ECF No. 12). Plaintiff's initial complaints, which the Court construed as collectively one pleading, alleged that on January 8, 2020, plaintiff was, *inter alia*, subjected to excessive force inside Penn Station by defendant MTA Officer Crocillo. The complaints also named the MTA and MTA 34th Precinct as defendants. On November 16, 2020, the Court ordered that "Plaintiff's claims against Defendants MTA and MTA 34th Precinct must be dismissed because an agency of the City of New York is not an entity that can be sued," and further directed the Clerk of Court to "amend the caption of this action to replace the MTA and the MTA 34th Precinct with the City of New York." (ECF No. 16). On February 18, 2021, the City filed a pre-motion conference letter regarding their anticipated motion to dismiss, on the grounds that the City was improperly substituted as a defendant in this matter. (ECF No. 25). On July 30, 2021, plaintiff filed a letter seeking leave to file the SAC, which would, *inter alia*, name additional MTA officers as defendants and remove the City as a defendant, in the event the Court deemed the City to have been improperly substituted. (ECF No. 32).

  On August 19, 2021, the parties convened for a conference with Your Honor (<u>see</u> ECF No. 31) to discuss the City's anticipated motion, as well as plaintiff's motion for leave to file the SAC. During the conference, Your Honor acknowledged that the City had been improperly substituted as a defendant, vacated the Order of Service dated November 16, 2020 (ECF No. 16), and

dismissed the City as a defendant. (See ECF No. 36). Your Honor also granted plaintiff's request to file the SAC, and instructed the undersigned that, if the SAC named the City of New York as a defendant, the Court would waive its pre-motion conference requirement and that the City should instead seek leave to file its anticipated motion to dismiss the SAC and propose a briefing schedule.

On September 9, 2021, plaintiff filed the SAC. (ECF No. 38). Notwithstanding plaintiff's previous representation that she would remove the City as a defendant in the event that the Court deemed the City to have been improperly substituted, the SAC names the City as a defendant. Moreover, the SAC is nearly 300 pages long, and is largely unintelligible. Even when liberally construed, the SAC contains wholly boilerplate and conclusory allegations against the City, and again appears to be predicated on an alleged incident involving plaintiff and MTA officers (as opposed to City employees). Nonetheless, even if the SAC described an incident involving City employees and/or otherwise implicated the City of New York, the allegations in the SAC entirely fail to state a plausible claim for municipal liability against the City. Therefore, plaintiff's claim against the City of New York must be dismissed, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the foregoing reasons, the City is respectfully requesting that the Court endorse the following briefing schedule on its anticipated motion to dismiss: (1) the City will file its motion papers on or before November 1, 2021; (2) plaintiff will file her opposition on or before December 2, 2021; and (3) the City will file its reply on or before December 16, 2021.

The City of New York thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Andrew B. Spears*       /s

Andrew B. Spears
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   **VIA EMAIL**
Primyah Godial Miaa Paynes El Bey
*Plaintiff pro se*
premdays.inc@gmail.com

**VIA ECF**
Andrew Kenneth Preston, Esq.
*Attorney for MTA Officer Leyland Crocilla*