UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
QUEEN PRINYAH GODIAH NMIAA PAYNES     20-cv-524(LTS)(GWG)
EL BEY

                                 Plaintiff,

      -against-

LEYLAND CROCILLA et al.,

                                 Defendants.
----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Bee Ready Fishbein Hatter & Donovan, LLP
By: Andrew K. Preston
170 Old Country Road, Suite 200
Mineola, New York 11501
(516) 746-5599
Attorney for Defendants *Leyland Crocilla, P.O. Michels, Vollas, and Lt. Coza*

METROPOLITAN TRANSPORTATION AUTHORITY
By: Jason Douglas Barnes
2 Broadway, 24th Floor
New York, New York 10004
(212) 878-7215
Attorney for Defendant *Metropolitan Transportation Authority*

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

RELEVANT PROCEDURAL HISTORY .....................................................................................1

STANDARD OF REVIEW ............................................................................................................4

ARGUMENT ..................................................................................................................................6

      POINT I:  Plaintiff's Fourth Amended Complaint Should Be Dismissed ...............6

CONCLUSION ...............................................................................................................................9

**PRELIMINARY STATEMENT**

Plaintiff *pro se* brings this suit against: the Metropolitan Transportation Authority (the "MTA") and several of its employees (Leyland Crocilla, P.O. Michels, Vollas, and Lt. Coza (the "Individual Defendants")) (collectively the "MTA Defendants"), The City of New York, the Metropolitan Transportation Authority Police Benevolent Association, Bellevue Hospital, "Civilian Complaint Review Board", The U.S. Department of Justice, and "Office of Internal Affairs". Plaintiff's fourth amended complaint ("FAC") contains 26 pages of allegations, with varying levels of coherence, and lacks paragraph numbering. To the MTA Defendants' best understanding, the FAC sounds in, *inter alia*, violations of 42 USC §1983, but also includes numerous references to other causes of action, many of which have no clear bearing on this matter. *See Exhibit A to the Declaration of Andrew K. Preston ("DECL"), generally.*

At numerous times identified in the procedural history below, Magistrate Judge Gorenstein explained to Plaintiff how her prior pleadings did not comply with Federal Rules of Civil Procedure 8 and 10; what a compliant complaint required; where Plaintiff could seek help drafting one; and afforded Plaintiff four opportunities to amend and remedy the problem. MTA Defendants now move to dismiss the FAC pursuant to Rules 8 and 10, with prejudice, on the grounds that it fails to comply with Rules 8(a)(2) and 10(b).

**RELEVANT PROCEDURAL HISTORY**

Prior to having served MTA Defendants, Plaintiff had filed an initial complaint in this action, on January 17, 2020 (Dkt. No. 2), and an amended complaint, on August 11, 2020 (Dkt. No. 12). Subsequent to the Individual Defendants' having appeared, on September 9, 2021, Plaintiff filed a second amended complaint ("SAC"). *See DECL Exhibit A* (Dkt. No. 38). The SAC was comprised of 291 pages. *Id.* The SAC was partially handwritten and partially

1

typewritten. *E.g., Id., at pages 15 of 291 and 20 of 291,* respectively. Portions of the SAC contained Plaintiff's medical records. *E.g., Id., at pages 138 – 164.* Portions of the medical records contained in the SAC were illegible cell phone photographs of additional (or perhaps duplicate) medical records. *E.g., Id., at page 165-167.* Additional portions of the SAC contained illegible handwriting. *E.g., Id., at pages 286 – 291.* Black and white photographs were found at pages 267 – 284 of the SAC. *Id*. What appeared to be various e-mail correspondences from Plaintiff were found at SAC pages 215 – 244. No portion of the SAC contained numbered paragraphs. *Id., generally.*

Following the September 9, 2021 filing of the SAC, the Individual Defendants applied by letter motion to Judge Vyskocil requesting a conference. *DECL Exhibit B* (Dkt. No. 43). In that application, counsel noted that "I am loath to request leave to file a FRCP Rule 8 motion at this time and suggest that Plaintiff be instructed to file a third amended complaint with numbered paragraphs and without enclosures so that I may respond to it." *Id.* The MTA joined in that application. *See DECL Exhibit C* (Dkt. No. 47).

On February 22, 2022, Magistrate Judge Gorenstein issued an order noting that "plaintiff has filed a lengthy second amended complained (Docket #38) that **does not comply with Rule 8** of the Federal Rules of Civil Procedure…[and]…**does not comply with Rule 10** of the Federal Rules of Civil Procedure…" *See DECL Exhibit D* (Dkt. No. 58) (emphasis added). The February 22, 2022 Order of Magistrate Judge Gorenstein set the matter down for a conference to be held on March 10, 2022. *Id.* Plaintiff failed to attend the March 10, 2022 conference and Magistrate Judge Gorenstein thereafter adjourned it to March 24, 2022.

All parties attended the March 24, 2022 conference, resulting in the March 24, 2022 order of Magistrate Judge Gorenstein (*DECL Exhibit E* (Dkt. No. 62)). It provided in pertinent

part that "[i]n light of plaintiff's intention to file a third amended complaint, the [pending motions] are deemed withdrawn….If the third amended complaint is not timely filed, the case will proceed on the second amended complaint and defendants shall, by May 5, 2022, either answer the second amended complaint or file a motion to dismiss returnable before Judge Swain…"

Plaintiff did not file a third amended complaint within the time provided in Magistrate Judge Gorenstein's March 24, 2022 Order. On April 20, 2022, seven days following the deadline set by the March 24, 2022 Order, Plaintiff emailed six documents to the Court's temporary *pro se* filing email address. Four of these documents were titled "Re-re-amended complaint," another was titled "First Nation/Indigenous: Facts/Statements Truth and Nothing but the Truth/facts/statements What took place: My Brief:" and another was an MTA police Incident Report previously produced to Plaintiff at the request of her prior attorney (collectively "April 20th Filings"). The documents labeled "Re-re-amended complaint," were not identical: at least one of them contained some discussion of Plaintiff's arrest by police, but others were filled with statements about Plaintiff's status as "First Nation" and bible citations. None of these documents contained numbered paragraphs that would allow Defendants to clearly admit or deny their truth in an answer, nor was it clear which document was intended to be Plaintiff's pleading. Three of the six documents, totaling 20 pages were docketed on April 21, 2022 as a 3rd Amended Complaint (Dkt. No. 63).

On April 22, 2022, Magistrate Judge Gorenstein issued an Order directing Plaintiff to, on or before May 13, 2022, file a Fourth Amended Complaint that is compliant with the requirements of the Fed R. Civ. P., providing six explicit instructions for how such a Pleading should be made compliant; these instructions included the directive (with reference to Fed R.

3

Civ. P 10(b)) that "each sentence must be set forth in a consecutively numbered paragraph" (Dkt. No. 64 at p. 1, second numbered paragraph). On May 23, 2022, Magistrate Judge Gorenstein issued an order extending Plaintiff's time to file a Fourth Amended Complaint to June 6, 2022 (Dkt. No. 65). Plaintiff did not comply with this order, but she did file two documents docketed as letters on June 19, 2022, the first of which bore a heading reading "Re-re-Admended Complaint" (Dkt. Nos. 73 and 74, respectively).

The City of New York, joined in part by MTA Defendants, filed a letter motion seeking clarification as to whether Plaintiff's filings constitute a Fourth Amended Complaint, and on June 24, 2022, Magistrate Judge Gorenstein issued an Order deeming the filing docketed at Number 73 to be Plaintiff's Fourth Amended Complaint (Dkt. No. 76). That Order held that "[w]hile the letter from plaintiff docketed as # 73 does not comply with Court's directives, it appears intended by plaintiff to constitute an amended complaint. Accordingly, the Court hereby deems Docket # 73 to constitute Plaintiff's Fourth Amended Complaint. Defendants shall respond to the Fourth Amended Complaint by July 14, 2022."

This motion is filed to comply with the June 24, 2022 Order of Magistrate Judge Gorenstein (Dkt. No. 76).

## STANDARD OF REVIEW

Rule 8(a)(2) requires that a complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 41 (2d Cir. 1988). The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who

4

must respond to it because they are forced to select the relevant material from a mass of verbiage." Bender v. City of New York, 09-CV-3286, 2011 U.S. Dist. LEXIS 103947, at *4-5, 2011 WL 4344203 (S.D.N.Y. Sept. 14, 2011) (quoting Shabtai v. Levande, 38 Fed. Appx. 684, 686 (2d Cir. 2002) (citations omitted)). Rule 10(b) requires that a complaint "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Together, Rules 8 and 10 provide fair notice and facilitate clear presentation of the matters set forth in the complaint so that allegations might be referenced in subsequent filings. While *pro se* complaints are generally liberally interpreted by courts, "'the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.'" Middleton v. United States, 10-CV-6057, 2011 U.S. Dist. LEXIS 152955, at *8, 2011 WL 7164452 (E.D.N.Y. June 28, 2011) (Report & Recommendation adopted by 2012 U.S. Dist. LEXIS 15117, 2012 WL 394559 (E.D.N.Y. February 7, 2012) (quoting Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004)).

When a complaint is not short and plain, the Court has the power to strike any portions that are redundant or immaterial, or to dismiss the complaint. *See* Fed. R. Civ. P. 12(f); Salahuddin, 861 F.2d at 42 (stating that it was within the discretion of the District Court to dismiss pro se plaintiff's 15-page, single-spaced complaint – which the Court deemed to contain "a surfeit of detail" – for failure to comply with Rule 8); see also Funchess v. City of New York, et al., 12-CV-497 (KAM)(MDG)(E.D.N.Y. April 13, 2012) (ordering plaintiff, who had filed a 34 page, 152 paragraph complaint, to file an amended complaint and, in it, "to eliminate all duplication in the Complaint and to limit the Complaint to only concise statements of the facts and law necessary to show that he is entitled to relief pursuant to the claims asserted."). "Dismissal is appropriate when the complaint is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Middleton, 2011 U.S. Dist.

LEXIS 152955, at *8 (quoting Salahuddin, 861 F.2d at 42) (citing Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 527-28 (2d Cir. 2005) (affirming dismissal of a pro se complaint as unintelligible)).

Where a plaintiff fails to file a complaint that satisfies Rules 8 and 10, a directive to refile in compliance is normally appropriate. See DECL Exhibits D, and F and Funchess, *supra*. But where, as here, a plaintiff is unable to file a Rule 8 and 10 compliant pleading after three attempts to do so, dismissal of the pleading with prejudice is an appropriate remedy. Standard v. Nygren, 658 F3d 792 (7th Cir. 2011).

## ARGUMENT

### POINT I

### PLAINTIFF'S FOURTH AMENDED COMPLAINT SHOULD BE DISMISSED

The Fourth Amended Complaint ("FAC") does not contain a short and plain statement of the claims nor numbered paragraphs and should therefore be dismissed for failure to comply with Rules 8(a) and 10(b). Moreover, because the FAC is unjustifiably long, confusing, and unnecessarily repetitive, it is impossible to determine, with any certainty or clarity, what claims plaintiff is asserting and which individual defendants against whom such claims are asserted.

The Second Circuit has condoned the dismissal of complaints for failure to comply with Rule 8(a)'s short-and-plain-statement requirement. In Blakely v. Wells, the Second Circuit found that the district court "acted within the bounds of permissible discretion" in dismissing a *pro se* complaint that spanned 57 pages and contained 597 numbered paragraphs, as that complaint "was far from short or plain." 209 F.App'x 18, 20 (2d Cir. 2006). Similarly, in Kalderon v. Finkelstein, the Second Circuit noted that the district court "would have acted well within its discretion in dismissing" with leave to replead a rambling 126-page *pro se* complaint. 495 F.

App'x 103, 105 (2d Cir. 2012). But a complaint need not be over one hundred pages or unclear to be dismissed for failure to comport with Rule 8(a). In Salahuddin v. Cuomo, the Second Circuit found the district court within the bounds of discretion in dismissing a *pro se* complaint that spanned 15 single-spaced pages and contained "explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights," finding that the complaint contained "a surfeit of detail," even though it was "neither vague nor incomprehensible." 861 F.2d 40, 43 (2d Cir. 1988).

Dismissal is warranted here. First, at 26 pages (with no numbered paragraphs) consisting of illegible, or unintelligible allegations, the FAC is neither short nor plain. And rather than including numbered paragraphs "limited as far as practicable to a single set of circumstances," a span of 10 pages of the document contains almost no discernable paragraph divisions at all. The length of the FAC alone "places an unjustified burden on the court and the [defendants]." Salahuddin v. Cuomo, 861 F.2d 40, 41 (2d Cir. 1988). The FAC also contains numerous documents appearing to be exhibits, but the relevance of these exhibits to plaintiff's claims is not apparent. See, e.g., "First Nation/Indigenous: Facts/Statements Truth and Nothing but the Truth/facts/statements What took place:" (Dkt. No. 73 at p. 7). Also see what appears to be a complaint correspondence to the Mayor of the City of New York. (Dkt. No. 73 at p. 23).

The FAC is ambiguous and does not provide defendants with a fair notice of the claims levied against them. Because the allegations contained in the 26 pages of the FAC are not organized, there is an unjustified burden on both the Court as well as the defendants "because they are forced to select the relevant material from a mass of verbiage." Salahuddin, 861 F.2d 40, 42. Plaintiff has been afforded numerous attempts to make her complaint comply with the Federal Rules, but she has failed to do so. Magistrate Judge Gorenstein provided Plaintiff with an

Order containing explicit instructions to help her do so; the FAC ignores these instructions (See Dkt. Nos. 64 and 73). It is unclear how Defendants can separately address Plaintiff's specific allegations in an Answer, nor is it clear how Defendants can respond to the various bible citations or statements about being "First Nation." And it is unclear what the scope of discovery would be or the issues to be resolved at trial. It is also notable that Plaintiff does not wish to have a pro bono attorney appointed to represent her and already terminated one attorney prior to filing her SAC, further reducing the likelihood of Plaintiff ever filing a compliant pleading. See Dkt. No. 62 (March 24, 2022 Order of Magistrate Judge Gorenstein memorializing Plaintiff's withdrawal of her request for appointment of a pro bono attorney).

Given the lack of clarity regarding which claims Plaintiff is bringing against which of the numerous defendants she has named, the MTA Defendants have not been put on fair notice as required by the Federal Rules and are not in a meaningful position to respond to the FAC in accordance with their obligations under Federal Rule of Civil Procedure 11. "Rule 11 imposes an affirmative duty on the signer [of a court submission] to make a reasonable inquiry on the viability, legally and factually, of the claims made." Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 388 (S.D.N.Y. 1997) (quoting Segarra v. Messina, 153 F.R.D. 22, 29 (N.D.N.Y. 1994)). In view of the above, the MTA Defendants are simply unable to undertake a reasonable inquiry into many of plaintiff's claims and in turn intelligently respond to the FAC.

Courts in the Second Circuit have dismissed similarly non-compliant *pro se* complaints. See, e.g., Cohen v. Capers, 16-CV-6090, 2017 U.S. Dist. LEXIS 86506, at *8-9, 2017 WL 2455132 (S.D.N.Y. June 6, 2017) (ruling that plaintiff's handwritten complaint that was interspersed with hand-drawn sketches, copies of plaintiff's resume, correspondence between

8

plaintiff and several attorneys, and various news articles, among other things, should be dismissed "for its failure to comport with the basic standards of notice pleading"); Kernan v. New York State Dep't of Fin. Servs., 13-CV-3196, 2014 U.S. Dist. LEXIS 44929, at *4, 2014 WL 1330679 (E.D.N.Y. Mar. 31, 2014) (ruling that plaintiff's complaint, which purported to state ten different claims against thirteen defendants, and included a "wealth of extraneous information," violated the spirit of Rule 8.); Pappanikolaou v. City of New York, 01-CV-865, 2005 U.S. Dist. LEXIS 39201, at *31, 2005 WL 1661649 (E.D.N.Y. July 14, 2005) (dismissing, without leave to amend, plaintiff's fourth amended complaint on the grounds that it is a "forty-three-page grammatical nightmare…[that] forces the defendants to parse through dozens of pages of irrelevant, rambling and delusional allegations that do not remotely resemble a 'short and plain statement,' as required by the Federal Rules").

To proceed with this case based on the instant pleading would result in substantial confusion and would place an unjustified burden upon all defendants and this Court. The Plaintiff has had ample opportunity to file a compliant pleading but has failed to do so. Accordingly, the FAC violates Rule 8 and must be dismissed.

## CONCLUSION

For the foregoing reasons, MTA Defendants respectfully request that, pursuant to Federal Rules of Civil Procedure 8 and 10, the Court issue an order directing that all the claims in the Plaintiff's Fourth Amended Complaint be dismissed with prejudice, along with such other relief as the Court deems just and proper.

Dated: Mineola, New York
       July 6, 2022

                                            **BEE READY FISHBEIN**
                                            **HATTER & DONOVAN, LLP**

                            By:     /S/

                                              Andrew K. Preston
*Attorneys for Leyland Crocilla, P.O. Michels, Vollas, and Lt. Coza*
170 Old Country Road, Ste. 200
Mineola, New York 11501
T. 516-746-5599 – F. 516-746-1045
File No.: 6178-2103

Paige Graves
General Counsel
**METROPOLITAN TRANSPORTATION AUTHORITY**

By:     _____/S/_____

Jason Douglas Barnes
*Attorneys Metropolitan Transportation Authority*
2 Broadway, 24th Floor
New York, New York 10004
T. 212-878-7215 – F. 212-878-7398

**TO:**     **Plaintiff and counsel for all parties by ECF**