20 CIV. 524 (LTS) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUEEN PRINYAH GODIAH NMIAA PAYNES EL BEY,

Plaintiff,

-against-

CROCILLA, ET AL.,

Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF NEW YORK'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**

---

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant the City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Andrew B. Spears*
*Tel:  (212) 356-3159*

## PRELIMINARY STATEMENT

Plaintiff Queen Prinyah Godiah NMIAA Paynes El Bey brings this action against several Metropolitan Transit Authority ("MTA") Police Officers, arising from an apparent altercation involving plaintiff and those officers inside of Penn Station on January 8, 2019.[1] (Plaintiff's Fourth Amended Complaint ("FAC"), annexed to the Declaration of Andrew B. Spears ("Spears Decl.") as **Exhibit A**). The FAC also names the City of New York (the "City), the MTA, "MTA 34th Precinct," the "Metropolitan Authority Police Benevolent Association," the Police Benevolent Association, and "Bellevue Hospital & Staff's" as defendants.[2] (Id.) Defendant the City of New York now moves to dismiss any purported claim asserted against it in the FAC in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as: (1) the FAC clearly fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure; and (2) plaintiff has wholly failed to state a viable claim against the City.

## PROCEDURAL HISTORY

Plaintiff filed the initial complaint in this matter on January 17, 2020 (ECF No. 2) and an amended complaint on August 11, 2020 (ECF No. 12). Judge Vyskocil construed these complaints as collectively one pleading, and on November 16, 2020, ordered that "Plaintiff's claims against Defendants MTA and MTA 34th Precinct must be dismissed because an agency of the City of New York is not an entity that can be sued," and further directed the Clerk of Court to "amend the caption of this action to replace the MTA and the MTA 34th Precinct with the City of New York." (ECF No. 16). On February 18, 2021, the City filed a pre-motion

---

[1] The City notes that plaintiff's previous complaints in this matter have indicated that the alleged incident occurred on January 8, <u>2020</u>.

[2] Plaintiff has also previously named the Civilian Complaint Review Board, the U.S. Department of Justice, and the Office of Internal Affairs as defendants in this matter. At present, it is unclear whether the FAC identifies those entities as defendants, or in any event, whether they were ever served with process and properly joined to the instant matter.

conference letter regarding an anticipated motion to dismiss, on the grounds that the City was improperly substituted as a defendant in this matter. (See ECF No. 25). On July 30, 2021, plaintiff filed a letter seeking leave to file a Second Amended Complaint ("SAC"), which would, *inter alia*, name additional MTA officers as defendants and remove the City as a defendant, in the event that the Court deemed the City to have been improperly substituted. (ECF No. 32).

On August 19, 2021, the parties convened for a conference with Judge Vyskocil (see ECF No. 31) to discuss the City's anticipated motion, as well as plaintiff's motion for leave to file the SAC. During the conference, Judge Vyskocil acknowledged that the City had been improperly substituted as a defendant, vacated the Order of Service dated November 16, 2020 (ECF No. 16), and dismissed the City as a defendant. (See ECF No. 36). Judge Vyskocil also granted plaintiff's request to file the SAC, and instructed that, if the SAC named the City of New York as a defendant, Judge Vyskocil would waive her pre-motion conference requirement and that the City should instead seek leave to file its anticipated motion to dismiss the SAC and propose a briefing schedule.

On September 9, 2021, plaintiff filed the SAC. (ECF No. 38). Notwithstanding plaintiff's prior representation that she would remove the City as a defendant in the event that the Court deemed the City to have been improperly substituted, the SAC nonetheless names the City as a defendant. (See id.). As such, on September 22, 2021, the undersigned filed a pre-motion letter advising Judge Vyskocil that the City intended to file a fully dispositive motion to dismiss the SAC, and seeking leave to do so, on or before November 1, 2021. (ECF No. 39). On November 2, 2021, the undersigned wrote to seek clarification from the Court as to its expectations regarding the filing of the City's motion to dismiss the SAC, as Judge Vyskocil had

not endorsed the proposed briefing schedule set forth in the City's pre-motion letter. (ECF No. 49).

On February 22, 2022, following the referral of this matter to Magistrate Judge Gorenstein, plaintiff was directed to file a third amended complaint that comports with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. (See ECF No. 58). The Court reasoned that, while [it] could permit the defendants to move to dismiss the [SAC] . . . , the Court believes it would be better to ask plaintiff at a conference if she would like the opportunity to file a third amended complaint that would comply with [the Federal Rules]." (See id.). Thereafter, on March 24, 2022, the parties convened for a status conference with Magistrate Judge Gorenstein. (See ECF No. 62). At the conference, plaintiff, *inter alia*, indicated her intention to file a third amended complaint. (See id.). Accordingly, the Court instructed plaintiff to file her third amended complaint on or before April 14, 2022, and explicitly informed plaintiff "that any third amended complaint will replace any prior complaint in this matter." (See id.).

On April 20, 2022, plaintiff filed her Third Amended Complaint. (ECF No. 63). On April 22, 2022, the Court issued an Order acknowledging that "changes are still needed to conform the complaint to the requirements of the Federal Rules of Civil Procedure," explaining the necessary additional changes to plaintiff, and further instructing plaintiff to file a fourth amended complaint on or before May 13, 2022. (See ECF No. 64). On June 2, 2022, after plaintiff failed to file a fourth amended complaint, the Court, *inter alia*, instructed that "[i]f plaintiff does not file a Fourth Amended Complaint in conformity with the May 23 Order, defendants shall respond to the Third Amended Complaint by June 30, 2022."

On June 19, 2022, plaintiff filed a letter "re: RE-AMENDED COMPLAINT." (ECF No. 73). On June 24, 2022, the Court deemed plaintiff's June 19, 2022 letter to constitute

3

plaintiff's Fourth Amended Complaint, and instructed defendants to respond to the FAC by July 14, 2022. (See ECF No. 76).

## STATEMENT OF ALLEGED FACTS

While almost entirely unintelligible, in pertinent part, the FAC alleges that on January 8, 2019, plaintiff was allegedly inside of Penn Station when she was stopped by the MTA defendants, subjected to excessive force by defendant MTA Officer Crocilla, "kidnapped" "without a caused (sic)," and removed to a hospital via ambulance.[3] (FAC, Spears Decl., Ex. A, at pp. 11–15). Notably, as it pertains to this motion, the FAC does not make any specific allegations against the City of New York. (Id.)

## STANDARD OF REVIEW

On a motion to dismiss, the Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). A motion to dismiss should be granted where a complaint fails to plead enough facts to state a claim that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Further, the "factual allegations [must be] sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks omitted). "Where, as here, the

---

[3] For the reasons described *infra*, Point I, the FAC clearly fails to meet the minimal requirements of Rule 8 and Rule 10 of the Federal Rules of Civil Procedure, and as such, it is nearly impossible to ascertain what claims or allegations plaintiff is advancing in this action, and prepare a comprehensive statement of alleged facts.

4

complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." Hogan v. Fisher, 738 F.3d 509, 515 (2d Cir. 2013). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." Id. Moreover, the "tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements do not suffice." Id.

## ARGUMENT

### POINT I

**THE FOURTH AMENDED COMPLAINT FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS SET FORTH IN FED. R. CIV. P. 8 AND FED R. CIV. P. 10**

As a threshold matter, and as previously acknowledged by the Court itself (see ECF No. 76), the FAC plainly fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and should therefore be dismissed with prejudice.

**A. The FAC Fails To Comply With Rule 8.**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed R. Civ. P. 8(a)(2); see also Iqbal, 556 U.S. at 678. A complaint must include enough facts so that each defendant will understand the nature of the plaintiff's complaint and know whether there is a legal basis for recovery. See Twombly, 550 U.S. at 555–56. "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." Harnage v. Lightner, 916 F.3d 38, 141 (2d Cir. 2019) (internal quotation and citation omitted). "When a [C]omplaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." Celli v. Cole,

699 F. App'x 88, 89 (2d Cir. 2017) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). This power grants the Court with the inherent authority to dismiss frivolous claims even for plaintiffs proceeding *in forma pauperis*. See Vidurek v. Miller, No. 13 Civ. 4476 (VB), 2014 U.S. Dist. LEXIS 32237, at *38 (S.D.N.Y. Feb. 27, 2014); see also Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.").

Here, the FAC entirely fails to comply with the pleading requirements set forth in Rules 8 of the Federal Rules of Civil Procedure. Rather, the FAC, in no discernable fashion, effectively amounts to: (a) an annotation of previous Court Orders and remarks; (b) a jumbled, unintelligible, stream-of-consciousness account of the alleged incident; and (c) a purported "grievance" addressed to New York City Mayor Eric Adams regarding, *inter alia*, plaintiff's difficulty navigating the federal court system.[4] Indeed, the FAC is far from "short and plain," and completely fails to provide "fair notice of the claim[s] being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." Hudson v. Artuz, No. 95 Civ. 4768, 1998 U.S. Dist. LEXIS 18625, at *1 (S.D.N.Y. Nov. 30, 1998). For those reasons, the FAC fails to comply with Rule 8, and must be dismissed.

B. **The FAC Fails To Comply With Rule 10.**

Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Dismissal for failing to comply with Rule 10 is appropriate when a complaint fails to set forth its claims in consistently numbered paragraphs, and is otherwise "so

---

[4] The City notes that this Court has afforded plaintiff an opportunity to have a pro bono attorney appointed to represent her, and that plaintiff declined. (See ECF No. 62).

confused, rambling, disjointed, and otherwise unintelligible that its true substance, if any, is well disguised, and presents too heavy a burden for Defendants in shaping a comprehensive defense." O'Neil v. Ponzi, No. 09-CV-0983 (GTS)(GHL), 2009 U.S. Dist. LEXIS 124821, at *8 (N.D.N.Y. Nov. 23, 2009) (Report and Recommendation adopted by O'Neil v. Ponzi, 2010 U.S. Dist. LEXIS 11191 (N.D.N.Y, Feb. 9, 2010)); see also Hudson, 1998 U.S. Dist. LEXIS 18625 at *1.  Here, the FAC plainly does not specifically set forth any purported claims in numbered paragraphs.  (See generally FAC, Spears Decl., Ex. A).  Moreover, as described *supra*, the FAC is unintelligible, and its true substance, if any, is undoubtedly well disguised.  Accordingly, dismissal pursuant to Rule 10 of the Federal Rules of Civil Procedure is appropriate.

Plaintiff has been given explicit instructions—on *multiple* occasions—regarding how to properly draft a complaint that comports with the Federal Rules.  (See ECF Nos. 62, 64).  However, plaintiff has now twice inexcusably failed to comply with these instructions, and indeed, has given no indication that, if given another opportunity to amend, she will file a complaint in accordance with the Federal Rules and the Court's instructions.  In fact, the FAC clearly states "if you Judge refused to accept my third-amended complained to bad (sic), I will not amend my complained (sic) over and over again . . ."  (See FAC, Spears Decl., Ex. A, p. 2).  For the foregoing reasons, the FAC must be dismissed, with prejudice.

**POINT II**

**THE FOURTH AMENDED COMPLAINT FAILS TO STATE ANY CLAIM AGAINST THE CITY OF NEW YORK**

Setting aside its obvious pleading deficiencies, even when liberally construed, the FAC wholly fails to state any plausible claim for relief against the City of New York.  As set forth *supra* Point I, a complaint must include enough facts so that each defendant will understand

the nature of the plaintiff's complaint and know whether there is a legal basis for recovery. See Twombly, 550 U.S. at 555–56. A complaint must also contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed R. Civ. P. 8(a)(2); see also Iqbal, 556 U.S. at 678. Here, the FAC quite simply does not include any allegations whatsoever pertaining to any theory of liability as to the City of New York, nor does it otherwise indicate how or why plaintiff is suing the City. (See generally FAC, Spears Decl., Ex. A). Understanding that the FAC must be "interpreted to raise the strongest claims that it suggests," it must nonetheless still state a plausible claim for relief, which it has entirely failed to do here. Accordingly, the City of New York must be dismissed as a defendant in this action, with prejudice.

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss the purported claim asserted against the City of New York in plaintiff's Fourth Amended Complaint in its entirety with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         July 14, 2022

                                                  **HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for defendant City of New York*
100 Church Street
New York, New York 10007
(212) 356-3159

*Andrew B. Spears*   /s
Andrew B. Spears
*Assistant Corporation Counsel*
Special Federal Litigation Division

8

cc: **VIA E-MAIL & U.S. MAIL**
Prinyah Godiah NMIAA Paynes El Bey
Plaintiff *pro se*
2130 Harvey Mitchell South
#9226
College Station, TX 77840
premdays.inc@protonmail.com

**VIA ECF**
Andrew Kenneth Preston, Esq.
*Attorney for defendants Crocilla, Michels, Coza, and Vollas*

Jason Douglas Barnes, Esq.
*Attorney for defendants MTA and MTA 34th Precinct*