UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

QUEEN PRINYAH GODIAH NMIAA
PAYNE'S EL BEY,

        Plaintiff,

  -v-                                                  No.   1:20-CV-00524-LTS-GWG

LEYLAND CROCILLA et al.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Queen Prinyah Godiah NMIAA Payne's El Bey[1] ("El Bey" or "Plaintiff"), who is appearing pro se, brings this action against the Metropolitan Transit Authority ("MTA"), MTA Police Officers named as Leyland Crocilla, P.O. Michels, Vollas, and Lt. Coza (the "Officer Defendants"), the City of New York (the "City"), the "Metropolitan Authority Police Benevolent Association the Police Benevolent Association," "MTA & MTA 34 precinct @ Penn Station," and "Bellevue Hospital & Staff's"[2] (collectively, "Defendants").  (Docket entry no. 73 ("Fourth Amended Complaint" or "FAC").)  In the action, Plaintiff alleges that the Defendants violated her rights during and subsequent to her arrest by the Officer Defendants at Penn Station on January 9, 2020.  By order dated November 2, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").  (See docket entry no. 14.)

---

[1]     The Court's spelling of Plaintiff's name is taken from Plaintiff's spelling in her Fourth Amended Complaint.

[2]     The Court quotes Plaintiff's complaint verbatim.  All capitalization, punctuation, and wording are as in the original.

Before the Court are two motions, one filed by the City and one filed by the Officer Defendants and the MTA (together, the "MTA Defendants"), to dismiss the FAC for failure to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. (See docket entry no. 92 ("City Mem."); docket entry no. 99 ("MTA Mem.") (collectively, the "Motions to Dismiss").) Plaintiff has not responded to the Motions to Dismiss. The Court has reviewed thoroughly all of the parties' submissions and, for the following reasons, the Motions to Dismiss are granted in their entirety.

BACKGROUND

Plaintiff initiated this action by filing a complaint on January 17, 2020 (docket entry no. 2), and an amended complaint on August 11, 2020 (docket entry no. 12), which the Court initially construed collectively as a single pleading (see docket entry no. 16). On September 9, 2021, following a conference, Plaintiff filed a second amended complaint ("SAC") that was 291 pages long, partially illegible, and not divided into numbered paragraphs. (See docket entry no. 38.) Following a conference, the Court issued an order, dated March 24, 2022, requiring Plaintiff to file by April 14, 2022, a Third Amended Complaint that complied with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. (See docket entry nos. 58, 62.) At that same conference, Plaintiff refused the Court's offer of assistance from pro bono counsel. (See docket entry no. 62.) Six days after the April 14th deadline, Plaintiff filed three documents, construed together by the Court as a Third Amended Complaint ("TAC"). (Docket entry no. 63.) The TAC's first document, entitled "First Nation/Indigenous: Facts/Statements Truth and Nothing but the Truth/facts/statements What took place: My Brief:," is fourteen pages long, not subdivided into numbered paragraphs, and written as a narrative that is extremely difficult, if not impossible, to understand. (Id.) Attached to this first document were an MTA Incident Report

pertaining to the incident underlying this action (docket entry no. 63-1), and a document styled "Brief Cover-Page" that seems to summarize Plaintiff's allegations and cites to what appear to be bible verses (docket entry no. 63-2). Finding this document noncompliant with Rule 8 and Rule 10, the Court issued a further order on April 22, 2022, directing Plaintiff to file a Fourth Amended Complaint by May 13, 2022, and providing explicit instruction as to how to draft a complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. (Docket entry no. 64.) This deadline was then extended to June 6, 2022 (docket entry no. 65), and again to June 16, 2022, in an order that also denied Plaintiff's motion to transfer venue to the United States District Court for the Southern District of Texas (see docket entry nos. 66 (motion to transfer), 72 (order)).

On June 19, 2022, Plaintiff filed a letter, entitled "Re-re-Admended-Complaint" (FAC at 1), which the Court construed as Plaintiff's Fourth Amended Complaint, and deemed the operative complaint in this action. (See docket entry no 76 ("While the letter from plaintiff docketed as # 73 does not comply with the Court's directives, it appears intended by plaintiff to constitute an amended complaint. Accordingly, the Court hereby deems Docket #73 to constitute Plaintiff's Fourth Amended Complaint.").) On July 14, 2022, the City filed a motion to dismiss the FAC and, on July 19, 2022, the MTA Defendants did the same. (See docket entry nos. 92 (City Mem.), 99 (MTA Mem.).) When Plaintiff failed to respond to either motion by August 12, 2022, the Court extended the deadline for her to do so to August 26, 2022. (Docket entry no. 102 (the "August 12 Order").) Subsequent to the August 12 Order, Plaintiff submitted two letters, neither of which was responsive to the Motions to Dismiss: one reiterating her desire to have this action transferred "to Texas because this court and this darn judge in the Corrupt-evil

sates in NYC is corrupts" (docket entry no. 104), and one alerting the Court to a change in address (docket entry no. 103).

Plaintiff's FAC does not clearly identify the events giving rise to this action, which defendants she claims are responsible for the specific actions she alleges, or the nature of the relief she seeks. The following excerpt provides a representative example of the substantive allegations from the FAC:

> On January 8, 2020 I was attacked by racists Policy-enforcers a.k.a .modern day "Police Officers" the attacked on me and against me was indeed retaliation's and racist attack on someone whom is not blonde-hair/blue-eyes/white male/white-race/(tribe of Esau), but someone whom is Rose-Gold & Yellow-Gold colour with Hazel-Brownish-Gray eyes colour whom is a First Nation Tribal person who is not pale-faces nor a.k.a. modern-day so-called white people/person race, but who is First-Nation/First People not Native American as the so-called white-people called my people, were not Native were Indigenous/First People.
>
> As First-Nation that's my nationality inside my/her Ancestor lands that evils tribes-of-Esau a.ka. modern days so-called White-People stole from my Ancestors and renamed the lands after their evil's hearts and from day one when they've arrived and put their evils non-human's feet into our lands you so called white-people have been evils and remain evil after all evils-dwells and are in your DNA's.

(FAC at 4-5.) Plaintiff's most specific allegations, contained within an eleven-page, unbroken paragraph, state that, at some point, "officer Crocilla/Crocillo Grabbed my hands pushed it in the back held them in my back while the other hand was pushing the pack of my neck while he was violating my head trying to removed my hair cover because of my religions" (FAC at 11-12), "when I held on to my purse [Officer Crocillo] took out his Batton started attacking me with it hitting my hands so hard" (id. at 12), and "started attacking me hit me with his Batton on my head" (id. at 13). The FAC also contains what appears to be annotated responses to previous court orders (FAC at 2) ("What is your end-games Judge? …I know the court is doing everything can to dismissed all of my cases with them . . . I am going to call the court evildoing out") and a

document, styled "Grievance," addressed to "Mayor of New York Mr. Eric Adams, Superior Court & Superior Court of appeal, Supreme Court of New York, International Court, UN-Court of Indigenous, Judicial of Conduct and so-forth," filed for the stated reason of "put[ting] your systems and your courts on record and to bring your attentions about the wrong-evil ill that I have been dealing with the corrupt evil court of the Federal Court of NYC systems" (id. at 23).

DISCUSSION

Dismissal Under Rule 8

Though Plaintiff has failed to oppose the Motions to Dismiss, the Court must still evaluate the FAC on its merits. "An unopposed motion to dismiss does not warrant automatic dismissal." Suvak v. United States, No. 12-CV-6004-JCF, 2013 WL 2217171, at *2 (S.D.N.Y. May 21, 2013). "The sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Accurate Grading Quality Assurance, Inc. v. Thorpe, No. 12-CV-1343, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013) (quoting McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000)). "Thus, [P]laintiff's failure to respond to the motion does not relieve the Court of its obligation to consider the merits of the motion." Talton v. Amalgamated Transit Union, No. 09-CV-6477, 2016 WL 11622991, at *1 (W.D.N.Y. Feb. 25, 2016) (citing Gray v. Metropolitan Detention Center, No. 09-CV-4520, 2011 WL 2847430, at *2 n.3 (E.D.N.Y. July 15, 2011)).

In addition, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in pro se cases, id. at 475 (citation omitted), has its limits – to state a claim, pro se pleadings still must

document, styled "Grievance," addressed to "Mayor of New York Mr. Eric Adams, Superior Court & Superior Court of appeal, Supreme Court of New York, International Court, UN-Court of Indigenous, Judicial of Conduct and so-forth," filed for the stated reason of "put[ting] your systems and your courts on record and to bring your attentions about the wrong-evil ill that I have been dealing with the corrupt evil court of the Federal Court of NYC systems" (id. at 23).

DISCUSSION

Dismissal Under Rule 8

Though Plaintiff has failed to oppose the Motions to Dismiss, the Court must still evaluate the FAC on its merits. "An unopposed motion to dismiss does not warrant automatic dismissal." Suvak v. United States, No. 12-CV-6004-JCF, 2013 WL 2217171, at *2 (S.D.N.Y. May 21, 2013). "The sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Accurate Grading Quality Assurance, Inc. v. Thorpe, No. 12-CV-1343, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013) (quoting McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000)). "Thus, [P]laintiff's failure to respond to the motion does not relieve the Court of its obligation to consider the merits of the motion." Talton v. Amalgamated Transit Union, No. 09-CV-6477, 2016 WL 11622991, at *1 (W.D.N.Y. Feb. 25, 2016) (citing Gray v. Metropolitan Detention Center, No. 09-CV-4520, 2011 WL 2847430, at *2 n.3 (E.D.N.Y. July 15, 2011)).

In addition, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in pro se cases, id. at 475 (citation omitted), has its limits – to state a claim, pro se pleadings still must

comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019) (citation omitted). "To satisfy this standard, the complaint must at a minimum disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Id. (citing Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)) (internal quotation marks omitted).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)); see also Shomo v. State of N.Y., 374 F. App'x 180, 182 (2d Cir. 2010) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"). "Dismissal . . . is usually reserved for cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42 (citation omitted).

Here, Plaintiff's FAC contains such a "surfeit of detail" that its substance, if any, is "well disguised." The FAC is replete with irrelevant and confusing allegations, lengthy asides about Plaintiff's friendship with workers for the "FEP," citations to bible verses, and grievances against the Court for repeatedly ordering her to amend her pleadings. The only allegations that could even hint at a potential claim, relating to a claimed assault by Officer Crocilla, are buried in a pages-long, unpunctuated single sentence from which Defendants cannot reasonably be

expected to ascertain the nature of the allegations against them.  Such an "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  Salahuddin, 861 F.2d at 42 (internal quotation marks and citation omitted).  The FAC, which in contravention of Rule 10 is not broken into numbered paragraphs, suffers from a lack of organization—including text of a variety of colors, fonts, and sizes, and innumerable grammatical and typographical errors—so severe as to bring it well outside the requirements of Rule 8.  The FAC therefore fails to state a claim upon which relief may be granted.

As noted by the MTA Defendants, courts in the Second Circuit frequently dismiss pro se complaints that are deficient for this reason.  See, e.g., Binns-Harty-Bolt v. McDonough, No. 21-CV-7276-LTS, 2021 WL 4864538, at *5 (S.D.N.Y. Oct. 18, 2021) (dismissing pursuant to Rule 8 plaintiff's amended complaint, which "consist[ed] of page after page of confusing and repetitive assertions along with extensive and unnecessary citations to statute, regulations, and documents from Plaintiff's prior proceedings before various administrative agencies"); Renner v. New York State – People of New York, No. 21-CV-5850-LTS, 2022 WL 19770, at *2 (S.D.N.Y. Jan. 3, 2022) (dismissing an amended complaint where "[a]lthough [p]laintiff shortened the amended complaint to 350 pages from more than 1,110 pages, it remains nearly impenetrable and certainly does not contain a short and plain statement showing that she is entitled to relief") (internal quotation marks omitted); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (affirming the district court's ruling that a complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension").  Accordingly, the Court finds dismissal to be an appropriate sanction in this instance and dismisses the FAC.

Leave to Amend

    Having repeatedly offered Plaintiff opportunities to amend her complaint, instruction as to the requirements of Rule 8, and the assistance of legal counsel, the Court declines to grant Plaintiff further leave to amend here.  Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court recognizes that, in the Second Circuit, "the relaxed standard in Rule 15 applies with particular force to pro se litigants."  Jackson v. Wells Fargo Home Mortgage, No. 15-CV-5062-PKC-ST, 2018 WL 8369422, at *13 (E.D.N.Y. Aug. 10, 2018) (quoting Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (internal quotation marks omitted)), report and recommendation adopted, 2019 WL 1376840 (E.D.N.Y. Mar. 27, 2019), aff'd, 811 F. App'x. 27 (2d Cir. 2020).  Indeed, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted).  However, "where a plaintiff is unable to demonstrate that [s]he would be able to amend [her] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  Hayden v. Cnty. Of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) (citation omitted); see also Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.") (citation omitted).

    Here, Plaintiff has already had four opportunities to amend her complaint to state a clear and plausible claim for relief.  Plaintiff has refused the assistance of pro bono counsel and has ignored specific instructions from the Court as to how she might draft a complaint that complies with the Federal Rules of Civil Procedure.  The Court therefore finds that granting

Plaintiff further leave to amend would be futile and dismisses the FAC with prejudice. "[L]eave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless." Harris v. Westchester County Med. Ctr., No. 08-CV-1128-RJH, 2011 WL 2637429, at *4 (S.D.N.Y. Jul. 6, 2011) (quoting Treppel v. Bioavail Corp., No. 03-CV-3002-PKL, 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005)).

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted in their entirety, and this action is dismissed with prejudice.

Plaintiff's recent requests (docket entry nos. 106 and 107) for a conference concerning her dissatisfaction with a Rule 68 Offer of Judgment made in January 2022 by certain defendants are denied as moot in light of the dismissal of the complaint.

This resolves docket entry nos. 92, 99, 106, and 107.

The Court notes that Plaintiff has filed an appeal of the Court's June 2, 2022, decision denying her motion to transfer venue of this case to the Southern District of Texas. The Clerk of Court is directed to keep this case open on the docket pending resolution of the appeal.

SO ORDERED.

Dated: New York, New York
November 29, 2022

                                                      /s/Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                                      Chief United States District Judge